**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

UNITED STATES OF AMERICA

v.                                                                                          CASE NO:  8:10-cr-507-T-24 MAP

JOSE ANTONIO GONZALEZ-MURILLO
_____/

**O R D E R**

**THIS CAUSE** comes before the Court on Defendant's motion for reduction in sentence (Dkt. 108) pursuant to 18 U.S.C. § 3582(c)(2) based on USSG Amendment 782, a retroactive guideline amendment, to which the Government has filed a Response (Dkt. 110).  On December 9, 2011, Defendant was sentenced 95 months in prison for conspiracy to possess with intent to deliver methamphetamine.  The sentence reflected a thirteen month reduction based on USSG § 5G1.3(b)(1) from Defendant's original guideline range of 108 to 135 months' imprisonment.  This reduction was an adjustment based on time previously served by Defendant on a related Mississippi case.

The United States Probation Office has filed a retroactive 2014 Drug Guidelines Amendment Assessment that states Defendant is eligible for a sentence reduction under USSG Amendment 782 (Dkt. 92).  Defendant's amended guideline is a total offense level of 29, criminal history I, imprisonment range of 87 to 109 months.  *Id.*  However, Defendant asks the Court to go below the amended guideline range and impose a sentence of 74 months' imprisonment. The 74 month sentence that Defendant seeks is thirteen months below the amended guideline imprisonment range.  Defendant recognizes that the Court cannot depart or vary downward from the amended guideline range except for substantial assistance departures.  However, Defendant

asserts that the thirteen month departure at the original sentencing was not a departure or variance but instead a mandatory thirteen month "credit", and the Court is obligated to apply the same credit here pursuant to USSG 5G1.3(b)(1). *See United States v. Abreu*, 2015 WL 9413100 (E.D.N.Y. Dec. 21, 2015).

The Government agrees that the Court can reduce Defendant's sentence to the bottom of the amended guideline range of 87 months, but argues that the Court is prohibited from imposing the 74 month sentence sought by Defendant. The Government argues that because there was no substantial assistance departure at the original sentencing, Defendant does not meet the one exception for reducing a sentence below the amended guidelines range as stated in USSG § 1B1.10(b)(2)(A). The Government argues that at the original sentencing the Court imposed a downward departure pursuant to USSG § 5G1.3, not a mandatory 13 month credit as Defendant has characterized it. In support, the Government cites to *United States v. Shows*, No. 2:09-cr-084, 2015 WL 2341031 (E.D. Tenn. May 14, 2015) in which that court acknowledged that "Guideline 1B1.10 can indeed sometimes produce a result that could be viewed as inequitable. This court nonetheless remains statutorily bound by 18 U.S.C. § 3582 and is not authorized to impose an amended sentence inconsistent with applicable policy statements issued by the Sentencing Commission." *Id.*

This Court is aware that district courts have gone both ways on this issue. However, this Court characterized the reduction as a downward departure on the Statement of Reasons, and at the original sentencing this Court explained that the offense for which Defendant was sentenced in the state of Mississippi was relevant conduct in this case. This Court went on to state "So I will be departing downward, and instead of sentencing you at the low end of the guidelines as has been agree to in the plea agreement, that I will sentence you to 95 months in the Bureau of Prisons based

on 5G1.3(b)." Dkt. 109, pg. 18.  Both the Government and Defendant agreed that that the "appropriate" and "safest" thing to do was to characterize the thirteen month reduction as a departure. *Id.*, pg. 10.  Because Defendant did not receive a sentence below the guideline range due to a substantial assistance motion, the Court cannot now go below Defendant's amended guideline range.  Therefore, after applying Amendment 782, the Court reduces Defendant's sentence to **87 months' imprisonment**.

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED** that Defendant's motion for sentence reduction is **GRANTED in part and DENIED in part**.  Defendant's sentence is reduced from 95 months to 87 months.

**DONE AND ORDERED** at Tampa, Florida, on the 21st day of March, 2016

SUSAN C. BUCKLEW
United States District Judge